UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07102<br>973-297-4887 |

September 22, 2025

**LETTER MEMORANDUM**

Re: *Ojo v. Charles, et al.,*
    Civil Action No. 23-22808 (ES) (AME)

Dear Parties:

Before the Court are defendants David B. Joyandeh, Esq., Buckalew, Frizzell & Crevina LLP, and BCAP Build America Association Corp.'s[1] motions to dismiss (D.E. Nos. 33 & 35) *pro se* plaintiffs'[2] amended complaint (D.E. No. 32 ("Amended Complaint" or "Am. Compl.")). For the reasons set forth below, the Court **GRANTS** the Moving Defendants' motions to dismiss.

**I.   BACKGROUND**

On December 19, 2024, this Court issued an Opinion and Order granting the Moving Defendants' motions to dismiss the initial Complaint. (D.E. No. 30 ("December 19 Opinion" or "Dec. 19 Op."); D.E. No. 31 (Order)). In the interest of judicial economy and to preserve judicial resources, the Court incorporates by reference the recitation of allegations from the December 19 Opinion herein (Dec. 19 Op. at 2–6), and will highlight the main differences between Plaintiffs' initial Complaint and Amended Complaint when assessing the Moving Defendants' motions to dismiss below.

In relevant part, the December 19 Opinion and Order first held that under the *Rooker-Feldman* doctrine this Court "lacks subject matter jurisdiction to review any aspect of Plaintiff's Complaint which seeks to recover her deposited funds." (Dec. 19 Op. at 9–10). The Court continued to assess plaintiff's federal claims to the extent they did not implicate damages associated with plaintiff's deposit of $13,125.00. (*Id.* at 10). In doing so, this Court dismissed Count III of the Complaint *with prejudice*, which alleged violations of federal mail and wire fraud

---

[1] The Court refers to the defendants as follows: David B. Joyandeh, Esq. ("Joyandeh"), Buckalew, Frizzell & Crevina LLP ("BFC," and together with Joyandeh, the "Buckalew Defendants"), BCAP Build America Association Corp. ("BCAP," and together with the Buckalew Defendants, the "Moving Defendants"), Josie Charles ("Charles"), and Tradewinz Management ("Tradewinz"). The Court refers to the Moving Defendants together with Charles and Tradewinz collectively as the "Defendants."

[2] Plaintiffs are Olatunbosun Grace Ojo and Olukayode David Ojo (together, "Plaintiffs"). The Amended Complaint added plaintiff Olukayode David Ojo to this action. (*Contrast* D.E. No. 1 ("Complaint" or "Compl."), *with* Am. Compl.). Plaintiffs are a married couple. (Am. Compl. ¶ 2).

under 18 U.S.C. §§ 1341 and 1343, because those statutes do not provide for a private right of action. (D.E. No. 31 at 2; *see also* Dec. 19 Op. at 10–11). Next, the Court dismissed Count II of the Complaint *without prejudice*, which alleged violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 31 at 2; *see also* Dec. 19 Op. at 12–15). In addition, this Court declined to exercise supplemental jurisdiction over all remaining state law claims—Counts I and IV–VIII of the Complaint—and dismissed those claims *without prejudice*. (D.E. No. 31 at 2; *see also* Dec. 19 Op. at 15–16). The Court also noted that it lacked original jurisdiction over these state law claims because the parties were not completely diverse on the face of the Complaint. (Dec. 19 Op. at 16 n.13). Finally, this Court also denied plaintiff's request for entry of default against defendants Charles and Tradewinz, (D.E. No. 13), *without prejudice* for failure to effectuate proper service in accordance with all applicable Federal and/or state rules. (D.E. No. 31 at 2; *see also* Dec. 19 Op. at 17–18).[3] Plaintiff had thirty days from the date of the December 19 Opinion and Order to file an amended complaint addressing the deficiencies noted by this Court. (D.E. No. 31 at 2). The Court directed that any forthcoming amended complaint be served on all Defendants in accordance with the applicable federal, state, and local rules. (*Id.*). The Court also stated that "failure to address the deficiencies set forth in the Court's accompanying Opinion may result in dismissal of this action *with prejudice*." (*Id.*).

On January 21, 2025, Plaintiffs filed the Amended Complaint. (Am. Compl.). Unlike the initial Complaint, the Amended Complaint does not include causes of action under the federal mail or wire fraud statutes. (*Contrast* Compl. ¶¶ 39–40, *with* Am. Compl.). Rather, the Amended Complaint asserts five causes of action for alleged: (i) breach of contract against BCAP (Count I); fraud against all Defendants (Count II); violation of the federal RICO Act against all Defendants (Count III); negligence against all Defendants (Count IV); and unjust enrichment against all Defendants (Count V). (*See* Am. Compl. at 8–12). On February 10, 2025, the Buckalew Defendants moved to dismiss Plaintiffs' Amended Complaint. (D.E. No. 33; D.E. No. 33-2 ("Buckalew Mov. Br.")). On February 12, 2025, BCAP moved to dismiss. (D.E. No. 35; D.E. No. 36 ("BCAP Mov. Br.")). On March 4, 2025, Plaintiffs opposed. (D.E. No. 39). On March 9, 2025, BCAP replied. (D.E. No. 42). The Buckalew Defendants have not filed a reply as of the date of this Letter Memorandum. Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).[4]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain

---

[3]   As of the date of this Letter Memorandum, neither Charles nor Tradewinz have appeared in this action; nor have Plaintiffs submitted proof of service of the Amended Complaint on any of the Defendants or requested entry of default against Charles or Tradewinz.

[4]   Although Charles and Tradewinz have not appeared in this matter, the Court will review Counts II, III, IV, and V of the Amended Complaint—asserted against all Defendants—against both Charles and Tradewinz. *See Malat v. Borough of Magnolia*, No. 19-14841, 2020 WL 2553858, at *2 (D.N.J. May 20, 2020) ("District courts may dismiss claims that do not state causes of action *sua sponte*." (citing *Bintliff–Ritchie v. American Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) ("The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6).")))·

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiffs'] complaint liberally because [they are] proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. ANALYSIS

As a preliminary matter, for the same reasons set forth in the December 19 Opinion, it remains that under the *Rooker-Feldman* doctrine, this Court "lacks subject matter jurisdiction to review any aspect of Plaintiff[]s[' Amended] Complaint which seeks to recover [their] deposited funds." (Dec. 19 Op. at 9–10). Thus, as in the December 19 Opinion, the Court will proceed to assess Plaintiffs' alleged federal RICO Act claim in Count III of the Amended Complaint—the only federal claim pled in this matter—to the extent it does not implicate damages associated with Plaintiffs' deposit of $13,125.00. (*See id.* at 10).

With respect to Count III, the Moving Defendants argue that Plaintiffs fail to state a federal RICO Act claim because (i) they have not pled an enterprise, (ii) they have not pled that each defendant "conducted or participated" in an enterprise's affairs through racketeering activity, and (iii) they have not pled that each defendant participated in a pattern of predicate racketeering acts. (Buckalew Mov. Br. at 13–17; BCAP Mov. Br. at 22–27). For the reasons set forth herein, the

Court agrees with the Moving Defendants.

This Court has carefully compared the initial Complaint and Amended Complaint and finds no substantive differences in the allegations that would alter its analysis of Plaintiffs' RICO Act claim in the December 19 Opinion. (*Compare* Compl., *with* Am. Compl.; *see also* Dec. 19 Op. at 12–15). For example, among other conclusory additions, Plaintiffs allege that "Defendants formed an enterprise . . . with the common purpose of defrauding Plaintiffs and other buyers for financial gain." (Am. Compl. ¶ 66). Plaintiffs also assert that "[t]he enterprise engaged in a pattern of racketeering activating, including multiple acts of mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343," such as (i) their alleged use of "email and other electronic communications to falsely assure Plaintiffs that construction was proceeding as planned"; (ii) their alleged use of "mail and wire communications to demand additional payments from Plaintiffs under false pretenses"; and (iii) their allegedly false claims that "the Contract was terminated due to 'unforeseen circumstances' to conceal their intent to resell the Property at a higher price." (*Id.* ¶ 67(a)–(c); *see also id.* ¶ 5).

The federal RICO statute provides for civil damages for "any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962 ("Section 1962")]." *Tabas v. Tabas*, 47 F.3d 1280, 1289–90 (3d Cir. 1995) (quoting 18 U.S.C. § 1964(c)). "RICO is implicated when defendants have engaged in a 'pattern of racketeering activity.'" *Humphrey v. GlaxoSmithKline PLC*, 905 F.3d 694, 698 (3d Cir. 2018) (quoting 18 U.S.C. § 1962(c)). The Third Circuit has noted that a pattern of racketeering activity "consists of certain statutorily defined predicate acts 'encompass[ing] dozens of state and federal offenses' 'that together demonstrate the existence or threat of continued criminal activity.'" *Id.* (quoting *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 330 (2016)); *see also* 18 U.S.C. § 1961(1) (defining "racketeering activity") and 18 U.S.C. § 1961(5) (defining "pattern of racketeering activity"). Section 1962 "sets forth four specific prohibitions aimed at different ways in which a pattern of racketeering activity may be used to infiltrate, control, or operate an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." *RJR Nabisco, Inc.*, 579 U.S. at 330 (citation modified). The Supreme Court has summarized these four prohibitions as follows:

> Section 1962(a) makes it unlawful to invest income derived from a pattern of racketeering activity in an enterprise. Section 1962(b) makes it unlawful to acquire or maintain an interest in an enterprise through a pattern of racketeering activity. Section 1962(c) makes it unlawful for a person employed by or associated with an enterprise to conduct the enterprise's affairs through a pattern of racketeering activity. Finally, [Section] 1962(d) makes it unlawful to conspire to violate any of the other three prohibitions.

*Id.* The Court construes the Amended Complaint as raising a claim under Section 1962(c). (*See* Am. Compl. ¶¶ 64–69). Thus, to set forth a claim under Section 1962(c), Plaintiffs must establish

> (1) that two or more persons agreed to conduct or to participate, directly or indirectly, in the conduct of an enterprise's affairs

>  through a pattern of racketeering activity; (2) that the defendant was a party to or member of that agreement; and (3) that the defendant joined the agreement or conspiracy knowing of its objective to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity.

*Humphrey*, 905 F.3d at 699 (quoting *United States v. John-Baptiste*, 747 F.3d 186, 207 (3d Cir. 2014)). Thus, Plaintiffs must "establish the existence of an enterprise that exists 'separate and apart from the pattern of activity in which [the enterprise] engages.'" *Id.* (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Section 1961(4) defines an "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Plaintiffs can plead the existence of an enterprise "by pointing to a 'group of persons associated together for a common purpose of engaging in a course of conduct.'" *Humphrey*, 905 F.3d at 699 (quoting *Turkette*, 452 U.S. at 583).

None of the allegations—new or old—in the initial Complaint or the Amended Complaint meet the pleading standard for Plaintiffs' federal RICO Act claim as stated and analyzed in the December 19 Opinion; nor do they cure the pleading deficiencies aptly described therein. (*See generally* Dec. 19 Op. at 12–15).

***First***, Plaintiffs continue to assert conclusory allegations of mail and wire fraud as predicate acts of racketeering activity without specificity. (*See* Am. Compl. ¶¶ 8 & 67). "Mail or wire fraud consists of (1) a scheme to defraud, (2) use of the mail or interstate wires to further that scheme, and (3) fraudulent intent." *Jaye v. Oak Knoll Vill. Condo. Owners Ass'n, Inc.*, 751 F. App'x 293, 297 (3d Cir. 2018). Relevant here, "[a]llegations of mail or wire fraud which serve as a predicate for a RICO violation are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which states that 'a party must state with particularity the circumstances constituting fraud.'" *Id.* at 297–98. Indeed, while Plaintiffs continue to allege that Defendants defrauded them and made a variety of misrepresentations in connection with their allegedly fraudulent activity, their pleading still lacks "detailed factual allegations regarding Defendants' purported misrepresentations, including the [exact] person(s) who made the alleged misrepresentations, when the alleged misrepresentations were made, and the method[s] in which the alleged misrepresentations were made."[5] (*See* Dec. 19 Op. at 13 (citing *Nastasi v. Ravolli*, No. 22-6191, 2023 WL 8271798, at *4 (D.N.J. Nov. 30, 2023) ("Without more detailed factual allegations concerning the mortgage and how the purported fraudulent scheme worked, Plaintiff cannot establish a pattern of racketeering activity. Thus, the Complaint fails to satisfy the requisite elements of a pattern of racketeering activity."))); *see Lennon v. NVR Mortg.*, No. 23-22855, 2024 WL 4891738, at *4 (D.N.J. Nov. 26, 2024) (dismissing RICO Act claim based on alleged wire fraud noting that "while the[] allegations might be generously construed as pleading some type of misrepresentation, they do not evince a 'scheme to defraud'" (quoting *Bonavitacola Elec.*

---

[5]  By way of example, it remains unclear what "other electronic communications" Defendants allegedly used to perpetrate the alleged fraud. (*See* Am. Compl. ¶ 67(b)). In addition, the exact statements and method(s) in which Defendants allegedly terminated the contract also remain uncertain based on the Amended Complaint. (*See id.* ¶ 67(c)).

*Contractor, Inc. v. Boro Devs., Inc.*, 87 F. App'x 227, 231 (3d Cir. 2003))); *see also Miller v. Burt*, 765 F. App'x 834, 839 (3d Cir. 2019) ("Bare allegations such as these are insufficient to state a claim, especially given that a RICO predicate act of . . . wire fraud must be pleaded with even greater particularity."). Furthermore, the Amended Complaint does not allege a pattern of racketeering activity by way of conclusory allegations that Defendants allegedly "defrauded Plaintiffs" and unknown "***other buyers*** for financial gain." (*See* Am. Compl. ¶ 66 (emphasis added); *see also id.* ¶ 43 ("Defendants' actions were not isolated incidents but part of a broader pattern of fraudulent and unethical practices in connection with real estate transactions.")). For these reasons, Plaintiffs have not sufficiently pled predicate acts of racketeering activity to state a valid claim under the RICO Act.

*Second*, Plaintiffs have not alleged the existence of a coherent enterprise among Defendants. The Amended Complaint remains conclusory with respect to the purported "enterprise" that Plaintiffs claim existed amongst the Defendants. (*See, e.g.*, Am. Compl. ¶ 66 (alleging that "Defendants formed an enterprise consisting of BCAP, Tradewinz Management, Buckalew Frizzell & Crevina LLP, and their agents and representatives, with the common purpose of defrauding Plaintiffs and other buyers for financial gain")). Where, as here, the alleged enterprise is not itself a legal entity, the Supreme Court has held that an association-in-fact enterprise must have, at minimum, the following features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). Although Plaintiffs claim that the enterprise's purpose consisted of their intent to defraud, as noted above, these allegations are not pled with any specificity. Nor is the longevity of the enterprise apparent on the face of the Amended Complaint. (*See generally* Am. Compl.). Indeed, many, if not most of Plaintiffs' allegations regarding Defendants' purportedly fraudulent scheme and enterprise "are merely legal conclusions [that] fall short of establishing an association-in-fact enterprise." *See Nastasi*, 2023 WL 8271798, at *3. Relevant here, "[w]hen the asserted enterprise . . . is . . . an association of legal entities, simply identifying the allegedly associated components does not serve to put defendants on notice of the RICO claim alleged against them—just as merely listing the names of alleged conspirators would not give defendants adequate notice of an alleged conspiracy." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369 (3d Cir. 2010). Thus, Plaintiffs also fail to allege the existence of an enterprise.

In sum, with respect to Plaintiffs' RICO Act claim, the Amended Complaint fails to cure the deficiencies identified in the December 19 Opinion and Order. Indeed, none of the new allegations in Plaintiffs' Amended Complaint change the analysis in the December 19 Opinion and Order as to that claim. Thus, for the reasons set forth in the December 19 Opinion and for the additional reasons set forth above, Plaintiffs' RICO Act claim in Count III of the Amended Complaint must be dismissed. Lastly, because the Court already provided an opportunity to amend the RICO Act claim, warned that failure to cure the deficiencies outlined in the December 19 Opinion may result in dismissal *with prejudice* (D.E. No. 31 at 2), and because it appears that any attempt to amend would be futile, the Court concludes that Count III of the Amended Complaint should be **DISMISSED** *with prejudice* as to all Defendants. *See, e.g.*, *Grohs v. Fratalone*, No.

13-7870, 2015 WL 6122147, at *6 (D.N.J. Oct. 16, 2015).

Having dismissed the sole federal claim in the Amended Complaint, and to the extent Plaintiffs seeks damages beyond their deposit of $13,125.00 in the remaining claims arising under state law, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims; specifically, Plaintiffs' alleged claims for (i) breach of contract against BCAP (Count I); (ii) fraud against all Defendants (Count II); (iii) negligence against all Defendants (Count IV); and (iv) unjust enrichment against all Defendants (Count V). (*See generally* Am. Compl.); *see also* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("This Court has recognized that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995))); *Grossberger v. Cormack*, No. 24-8182, 2025 WL 1193994, at *3 (D.N.J. Apr. 24, 2025) ("Where all federal claims against a party have been dismissed from an action, 'the district court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims.'" (quoting *Rothman v. City of Northfield*, 716 F. Supp. 2d 369, 373 (D.N.J. 2010))).[6] Accordingly, Counts I, II, IV, and V of the Amended Complaint are **DISMISSED** *without prejudice* to Plaintiffs' ability to bring those claims in state court.

## IV.     CONCLUSION

For the reasons set forth above, the Moving Defendants' motions to dismiss (D.E. Nos. 33 & 35) are **GRANTED**. Count III of the Amended Complaint is **DISMISSED** *with prejudice* and Plaintiffs' remaining state law claims (Counts I, II, IV & V) are dismissed *without prejudice*. An appropriate Order accompanies this Letter Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] In addition, it appears that the Court continues to lack original jurisdiction over the remaining state law claims because "[f]or diversity jurisdiction to lie, there must be 'complete diversity' amongst the parties;" and complete diversity "means that the plaintiff cannot be a citizen of the same state as any of the defendants." *See Fink v. Kirchner*, 731 F. App'x 157, 159 n.4 (3d Cir. 2018). Plaintiffs attempt to skirt this requirement in the Amended Complaint by alleging that "Defendants include individuals and entities with principal places of business in New Jersey ***and other states***." (Am. Compl. ¶ 10 (emphasis added); *see also* Opp. Br. at 5 (arguing that BCAP has "its principal place of business outside of New Jersey")). However, the Amended Complaint is otherwise devoid of allegations regarding where Defendants reside outside of New Jersey and whether such residencies may be considered for purposes of diversity jurisdiction.