**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OLATUNBOSUN GRACE OJO AND OLUKAYODE DAVID OJO,<br><br>      **Plaintiffs,**<br><br>      **v.**<br><br>JOSIE CHARLES, *et al.*,<br><br>      **Defendants.** | **Civil Action No.: 23-22808 (ES) (AME)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiffs'[1] Motion for Reconsideration and Motion to Alter or Amend the Court's September 22, 2025 Letter Memorandum and Order dismissing Count III of the Amended Complaint *with prejudice* as to all Defendants[2] and dismissing the balance of claims *without prejudice* (D.E. Nos. 43 & 44).  (D.E. No. 45 ("Motion" or "Mov. Br.")).  Having considered the parties' various submissions, the Court decides Plaintiffs' Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); *see also* L. Civ. R. 78.1(b).  For the following reasons, Plaintiffs' Motion (D.E. No. 45) is **DENIED**.

## I.    BACKGROUND

The Court incorporates by reference the factual and procedural background set forth in its September 22, 2025 Letter Memorandum and Order, as well as its December 19, 2024 Opinion and Order.  (*See* D.E. Nos. 30, 31, 43 & 44).

---

[1]      Plaintiffs are Olatunbosun Grace Ojo and Olukayode David Ojo (together, "Plaintiffs").

[2]      The defendants include: David B. Joyandeh, Esq. ("Mr. Joyandeh"), Buckalew, Frizzell & Crevina LLP ("BFC," and together with Mr. Joyandeh, the "Buckalew Defendants" or "Buckalew Defs."), BCAP Build America Association Corp. ("BCAP"), Josie Charles, and Tradewinz Management (collectively, the "Defendants").

On September 30, 2025, Plaintiffs moved for reconsideration and to alter or amend the Court's September 22, 2025 Letter Memorandum and Order. (D.E. No. 45). Plaintiffs ask the Court to (i) vacate the dismissal of Plaintiff's state law claims; (ii) restore the matter to the Court's active docket; and (iii) permit the filing of a proposed second amended complaint (*see* D.E. No. 45-1). (Mov. Br. at 1). Defendants BCAP, Mr. Joyandeh, and BFC opposed Plaintiffs' Motion, (D.E. No. 46 ("BCAP Opp. Br."); D.E. No. 48 ("Buckalew Defs' Opp. Br.")), and Plaintiffs filed separate reply briefs. (D.E. No. 47 ("Pls' Reply to BCAP"); D.E. No. 49 ("Pls' Reply to Buckalew Defs")). The Motion is ripe for resolution.

## II.  LEGAL STANDARDS

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). Thus, an individual "must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (citations omitted). "In the context of a

reconsideration motion, manifest injustice will generally arise only where 'the Court overlooked some dispositive factual or legal matter that was presented to it,' or committed a 'direct, obvious, and observable' error." *Martinez v. Robinson*, No. 18-1493, 2019 WL 4918115, at *1 (D.N.J. Oct. 4, 2019) (citation omitted); *see also* L. Civ. R. 7.1(i).

The Court construes a *pro se* litigant's filings liberally. *Barel v. Fed. Nat'l Mortg. Ass'n*, No. 19-6054, 2019 WL 13213884, at *1 (D.N.J. Sept. 3, 2019); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "reconsideration is an extraordinary remedy[] that is granted 'very sparingly,' and only when 'dispositive factual matters or controlling decisions of law' were brought to the court's attention but not considered." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) ("Relief under Rule 7.1(i) will be granted 'very sparingly.'" (citation omitted)); *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992) (explaining that motions for reconsideration are considered "extremely limited procedural vehicle[s]").

"Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order." *Martinez*, 2019 WL 4918115, at *1 (citation omitted); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (noting that reconsideration may not be "used as an opportunity to relitigate the case"). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906,

3

909 (3d Cir. 1985)). In other words, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at \*6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("[M]ere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument."). "Moreover, Rule 7.1(i) does not allow parties to restate arguments which the court has already considered; rather, a difference of opinion with the court's decision should be dealt with through the normal appellate process." *Fellenz*, 400 F. Supp. 2d at 683 (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

Similarly, pursuant to Federal Rule of Civil Procedure 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 97 (3d Cir. 2013). Relief should be granted "sparingly" under Rule 59(e) because "reconsideration of a judgment after its entry is an extraordinary remedy." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). The scope of such a motion "is extremely limited"; it is not "an opportunity to relitigate the case." *Blystone*, 664 F.3d at 415. "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also Pellicano*, 540 F. App'x at 98. Plaintiffs state that they only intend to "invoke the third prong." (Mov. Br. at 2).

## III.    DISCUSSION

Plaintiffs admit that "this Court properly dismissed Plaintiffs' federal [Racketeer Influenced and Corrupt Organizations Act ("RICO Act")] claim," but argue that "it declined jurisdiction over the remaining state-law claims based, ***in part***, on a perceived lack of complete diversity." (Mov. Br. at 1 (emphasis added)). As *pro se* litigants, Plaintiffs maintain that they are "unfamiliar with the specific requirements for pleading alienage jurisdiction" and thus "failed to clearly articulate their status as citizens of Nigeria." (*Id.*). Thus, they submitted a proposed second amended complaint that eliminates the RICO Act claim and alleges that Plaintiffs "are citizens of Nigeria residing in East Orange, New Jersey." (D.E. No. 45-1 ¶ 9; *see also id*. ¶¶ 1 & 6 (alleging that Plaintiffs are (i) "first-generation immigrants from Nigeria" (ii) "citizens of the Federal Republic of Nigeria" and (iii) "lawfully present in the United States and reside in East Orange, New Jersey")). Plaintiffs believe that a "manifest injustice" will occur if the Court denies their requested relief based on a "technical pleading defect" that can be cured. (Mov. Br. at 2–3).

In addition, Plaintiffs assert that justice requires they be granted leave to file their proposed second amended complaint pursuant to Federal Rule of Civil Procedure 15(a). (*Id.* at 4). They argue that their intentions are not grounded in bad faith and that they do not have a dilatory motive. (*Id.*). Moreover, they maintain that the Court's December 19, 2024 opinion and order "focused on the deficiencies in the federal RICO claim" such that "[t]he issue of diversity jurisdiction was mentioned only in a passing footnote in the *second* dismissal order" dated September 22, 2025." (*Id.* (emphasis added)). According to Plaintiffs, their Motion and proposed second amended complaint are the "very first opportunity[ies]" they have had "to address the Court's specific concerns regarding the pleading of diversity." (*Id.*). Thus, they argue, "[t]his is not a case of 'repeated failure to cure deficiencies.'" (*Id.*). Finally, despite the fact that Plaintiffs filed this matter nearly three years ago, they contend that because no discovery has occurred, this matter is

"in its infancy." (*Id.*).

BCAP and the Buckalew Defendants opposed the Motion. BCAP and the Buckalew Defendants argue that the proposed second amended complaint does not establish diversity jurisdiction because Plaintiffs admit that they are "immigrants" who are "lawfully present in the United States and reside in East Orange, New Jersey." (BCAP Opp. Br. at 8; *see also* Buckalew Defs' Opp. Br. at 12)). BCAP maintains that "[l]egal permanent residents, though foreign nationals, are considered domiciled in the state where they reside for purposes of diversity jurisdiction." (*Id.* (citing *Windward Bora LLC v. Browne*, 110 F.4th 120, 126–27 (2d Cir. 2024)); *see id.* at 9 (arguing that Plaintiffs have the burden to establish diversity jurisdiction "by a preponderance of the evidence" and noting that if they "are lawful permanent residents living in New Jersey, there is no diversity")). The Buckalew Defendants likewise assert that "[i]f Plaintiffs are lawful permanent residents domiciled in New Jersey, and all Defendants are citizens of New Jersey, then diversity jurisdiction is not established." (Buckalew Defs' Opp. Br. at 12). They similarly contend that Plaintiffs concede they are "immigrants" residing in New Jersey, which necessarily means that they intend to permanently live in the United States; thus, they are not "non-immigrant aliens" defined by statute as those who are "passing through the United States." (*See* BCAP Opp. Br. at 9–10 (citing 8 U.S.C. § 1101(a)(15)); *see also* Buckalew Defs' Opp. Br. at 13 (same)).

In addition, BCAP and the Buckalew Defendants note that the Court previously indicated—not once, but twice—that "it does not have original jurisdiction based on diversity." (BCAP Opp. Br. at 10 (citing the Court's prior Opinion and Letter Memorandum at D.E. Nos. 30 & 43); Buckalew Defs' Opp. Br. at 12–13 (same)). BCAP and the Buckalew Defendants also posit that Plaintiffs' proposed amended complaint further fails to state a claim under Federal Rule of

Civil Procedure 12(b)(6); thus, any further amendment would be futile.  (BCAP Opp. Br. at 10–12; Buckalew Defs' Opp. Br. at 13–14).  Finally, the Buckalew Defendants argue that the Court's September 22, 2025 Letter Memorandum "reaffirmed its prior holding under the *Rooker-Feldman* doctrine, which bars federal jurisdiction over claims that effectively seek review of state court judgments," (*see* Buckalew Defs' Opp. Br. at 14)—particularly "any aspect of Plaintiffs' Amended Complaint which seeks to recover their deposited funds," (*id. at 14–15* (quoting D.E. No. 43 at 3 (quotation modified))).  Thus, *Rooker-Feldman*'s jurisdictional bar "remains in effect regardless of Plaintiffs' amended allegations, because the relief sought continues to implicate the same underlying state court proceedings and financial transactions previously adjudicated."  (*Id.* at 15).

In reply, Plaintiffs vehemently assert that they are not "admitted for permanent residence" in the United States, (*see* Pls' Reply to BCAP at 2), and thus do not fall under the exception set forth in 28 U.S.C. § 1332(a)(2), which provides that "district courts shall not have original jurisdiction . . . of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State," 28 U.S.C. § 1332(a)(2).  (*See also* Pls' Reply to BCAP at 2 (stating "unequivocally that [Plaintiffs] are not, and have never been, aliens admitted for permanent residence"); *id.* at 1–2 (clarifying that Plaintiffs are Nigerian citizens and do not have lawful permanent resident status as BCAP and the Buckalew Defendants suspect); Pls' Reply to Buckalew Defs at 4–6 (same)).  Plaintiffs further assert that their status as Nigerian citizens "is not 'new evidence'" but rather a "pre-existing immutable fact about the parties' identities that was ambiguously pleaded in the prior complaint."  (Pls' Reply to Buckalew Defs' at 5).  Plaintiffs argue that their *pro se* status favors their requested relief and that any other result "would effectively punish Plaintiffs for their lack of legal expertise, a result directly contrary to the mandate of the Supreme Court."  (*Id.*).  They further

claim that BCAP and the Buckalew Defendants conflate the motion to dismiss standard with the summary judgment standard, and that leave to amend should be freely permitted because the proposed second amended complaint is not futile. (Pls' Reply to BCAP at 2–3; Pls' Reply to Buckalew Defs at 12). Finally, among many other arguments Plaintiffs assert in reply, Plaintiffs argue that the *Rooker-Feldman* doctrine is inapplicable because the state court matter did not conclude prior to Plaintiffs' filing of this lawsuit in November 2023. (Pls' Reply to Buckalew Defs at 6–8).

The Court agrees with BCAP and the Buckalew Defendants that none of Plaintiffs' statements or arguments in their Motion set forth a valid basis for reconsideration or to amend or alter the Court's September 22, 2025 Letter Memorandum and Order. Specifically, Plaintiffs have not identified any intervening change in the controlling law, have failed to identify any new evidence that was not available when the Court issued its September 22, 2025 Letter Memorandum and Order, and have not shown "the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Cafe*, 176 F.3d at 677.

***First***, as alluded to by Plaintiffs, following the dismissal of their only federal claim under the RICO Act—which they do not refute—the Court exercised its discretion to decline supplemental jurisdiction over their remaining state law claims. (*See* Mov. Br. at 1 (noting that the Court "declined jurisdiction over the remaining state-law claims based, ***in part***, on a perceived lack of complete diversity" (emphasis added))). Accordingly, the dismissal of Plaintiffs' state law claims *without prejudice* hinged primarily on the Court's decision to decline supplemental jurisdiction over Plaintiffs' state law claims. Critically, Plaintiffs do not argue that the Court erred in exercising its discretion to decline supplemental jurisdiction. (*See generally* Mov. Br.); *see also Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999) ("We find that the court acted

well within its discretion in dismissing Figueroa's remaining territorial claims, as it had dismissed the Title VII claim that provided the court with its jurisdiction."); *Constantine v. New Jersey Dep't of Banking & Ins.*, No. 23-2423, 2024 WL 1988829, at *6 n.10 (3d Cir. May 6, 2024) (concluding that "the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction" or "in denying [plaintiff's] motion for reconsideration") (first citing *Talley v. Wetzel*, 15 F.4th 275, 288 n.8 (3d Cir. 2021); and then citing *Long v. Atl. City Police Dep't*, 670 F.3d 436, 446 (3d Cir. 2012)).

*Second*, Plaintiffs incorrectly state that "[t]he issue of diversity jurisdiction was mentioned only in a passing footnote in the *second* dismissal order" dated September 22, 2025. (Mov. Br. at 4 (emphasis in original)). Indeed, in its first Opinion dated December 19, 2024, the Court dismissed the RICO Act claim and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims; it also noted the following with respect to diversity of citizenship in a footnote:

> The Court also lacks original jurisdiction over these remaining state-law claims because "[f]or diversity jurisdiction to lie, there must be 'complete diversity' amongst the parties;" and complete diversity "means that the plaintiff cannot be a citizen of the same state as any of the defendants." *See Fink v. Kirchner*, 731 F. App'x 157, 159 n.4 (3d Cir. 2018). Here, Plaintiff maintains that she is a citizen of New Jersey and that all Defendants reside or have a principal place of business in New Jersey. (*See* Compl. ¶¶ 3–8). Thus, the Court does not have diversity jurisdiction over these claims.

(D.E. No. 30 at 12–16 & n.13). Similarly, in its Opinion dated September 22, 2025, the Court commented on the same perceived issues with respect to diversity of citizenship. (D.E. No. 43 at 7 n.6 ("[I]t appears that the Court *continues* to lack original jurisdiction over the remaining state law claim." (emphasis added)).

Thus, plaintiff Olatunbosun Grace Ojo had notice of issues underlying diversity jurisdiction as of December 19, 2024. (*See id.*). Similarly, based on the same decision, plaintiff

Olukayode David Ojo had notice of the same jurisdictional issues prior to joining this lawsuit. (*See id.*).  Indeed, when opposing BCAP's motion to dismiss the amended complaint, Plaintiffs responded to BCAP's argument that the Court should **<u>again</u>** decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because it lacked original jurisdiction over those causes of action.  (D.E. No. 36 at 15–16 (BCAP's motion to dismiss brief, filed on February 13, 2025)).  Specifically, when responding to BCAP's argument in their opposition brief filed on March 4, 2025, Plaintiffs maintained that they were "citizens of the State of New Jersey."  (D.E. No. 35 at 5).  To refute BCAP's argument, Plaintiffs instead argued that BCAP maintained a principal place of business "outside of New Jersey"—without specifying where—whether in their briefing or in their pleading.  (*Id.*; *see also* D.E. No. 32).  Thus, Plaintiffs maintained that because "other Defendants are likewise citizens of states other than New Jersey . . . there is complete diversity of citizenship between Plaintiffs and Defendants."  (D.E. No. 35 at 5).  In light of these arguments, Plaintiffs cannot genuinely claim that they lacked knowledge about issues regarding diversity jurisdiction until **after** the Court's September 22, 2025 Opinion.  (*See* Mov. Br. at 4 (arguing that "[t]his motion represents Plaintiffs' very first opportunity to address the Court's specific concerns regarding the pleading of diversity")).

Moreover, to the extent either plaintiff alleged that this matter was between citizens of different states, neither Plaintiffs alleged that they resided anywhere other than New Jersey; nor did Plaintiffs allege that they are citizens of any foreign country.  (*See generally* D.E. Nos. 1 & 32).  Thus, Plaintiffs are correct that they "ambiguously pleaded" their identities in prior pleadings notwithstanding notice of the same beginning on December 19, 2024.  (*See* Pls' Reply to Buckalew Defs at 5).

***Third***, while the Court appreciates Plaintiffs' *pro se* status, it may take judicial notice of

the numerous judicial decisions in other matters brought by Plaintiffs in this Circuit since at least 2009. *See McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (noting that the "the court can review . . . matters of public record, . . . and a court may take judicial notice of a prior judicial opinion").[3]   Accordingly, Plaintiffs are not strangers to this District or the Third Circuit Court of Appeals.[4]

**Finally**, for many of the same reasons, Plaintiffs have failed to demonstrate how the Court's holdings in its September 22, 2025 decision "were without support in the record" or "would result in 'manifest injustice' if not addressed."  *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6.  Plaintiffs have not established how the Court committed an error or overlooked some dispositive factual or legal matter that was presented to it in rendering its September 22, 2025 decision. *See Martinez*, 2019 WL 4918115, at *1.  In addition, the Court finds that there is no manifest injustice in denying Plaintiffs' request for relief because the Court dismissed their state law claims *without prejudice*.  Thus, they may file their state law claims in a separate action that will be subject to any renewed or additional arguments in support of potential dismissal. Accordingly, Plaintiffs have failed to identify any proper basis for reconsideration of the Court's September 22, 2025 Letter Memorandum and Order.

For all of these reasons, Plaintiffs' Motion (D.E. No. 45) is **DENIED**.

---

[3]   *See, e.g.*, *Ojo v. Warden Elizabeth Det. Ctr.*, No. 20-1816, 2022 WL 963999 (3d Cir. Mar. 30, 2022); *Ojo v. Luong*, 709 F. App'x 113 (3d Cir. 2017); *Ojo v. Milrose 179 Harrison, LLC*, No. 20-0949, 2025 WL 2350450 (D.N.J. Aug. 13, 2025); *In re Ojo*, No. 21-11357, 2021 WL 3732904 (D.N.J. Aug. 23, 2021); *Ojo v. Decker*, No. 20-5538, 2021 WL 1196403 (D.N.J. Mar. 30, 2021); *Olatunbosun v. Dist. Dir. of Immigr. Customs Enf't*, No. 09-1301, 2010 WL 272101 (M.D. Pa. Jan. 20, 2010).

[4]   Furthermore, although not dispositive, the Court observes that plaintiff Olukayode David Ojo has pled his Nigerian citizenship in at least one prior complaint in this District.  *See Ojo v. Luong*, No. 14-4347, D.E. No. 1 (July 7, 2014).

## IV.    CONCLUSION

Based on the foregoing, Plaintiffs' Motion is **DENIED**.  This case shall remain **CLOSED**.

An appropriate Order follows.


**Dated:** June 29, 2026                                                  s/ *Esther Salas*
                                                                                    **Esther Salas, U.S.D.J.**